GEORGE GARVEY'S EXR. *v.* JOHN GARVEY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—687.]

**Parol Testimony as to Meaning of a Will.**

Where a will is not ambiguous, parol testimony as to its meaning or to change the effect of the testator's words is not admissible.

**Construction of Terms of a Will.**

Where in a will the testator devises to his children, naming them, "all the residue of my estate, both real and personal, subject to the following conditions," then following by charging some of them with advancements, and by a later item of the will provides that "It is my will to hereby bequeath to my infant son, Butler, the sum of $3,000," etc., it is held to mean that the testator intended that his infant son should receive that sum at all events whether the other children should receive as much or any property, whatever, and that said sum was all that he should receive of said estate.

APPEAL FROM OWEN CIRCUIT COURT.

March 4, 1886.

OPINION BY JUDGE PRYOR:

The will of Jeremiah Garvey having been construed by the court below at the instance of the executor, and the construction placed upon it by the chancellor having been assailed by the appellant (the executor), the case has been brought to this court. The testator had an estate valued at about some $15,000 and had advanced to his children some $1,000, with which they were to be charged, and when these advancements are added it would make an estate of about $25,000. There were ten children among whom the estate left was to be divided, certain of the children being required to account for the advancement made them. The dividend if equal in the $25,000 would leave each child entitled to a less sum than $3,000. By the third clause of his will he devises to his children, ten in number, naming them, "all the residue of my estate, both real and personal, subject to the following conditions." · In the division of the same (that is, the residue of that estate) each child named was to be charged with mōneys advanced by the testator.

By the fourth clause the testator says, "It is my will to hereby bequeath to my infant son, Butler, the sum of $3,000, which sum is to be placed in the hands of my son, George Garvey, by him to be loaned out on interest until my son shall arrive at the age of twenty-one years, the interest to be applied to his support and edúcation, but in case he should die before arriving at age to be equally divided between the devisees above named." The infant son Butler, having been given an equal interest in the estate by a previous provision of the will, the question arises whether by the fourth clause he is to have first the $3,000 and then come in with an equal share with the other devisees in the remainder, they accounting for the advancement made them.

The chancellor below so held and we think this was erroneous. It is not to be presumed that the testator had made larger advances in the way of educating his other children, but on the contrary he seems to have charged them with all moneys that he intended they should account for as advancements. Butler was an infant, and the testator doubtless felt that some certain provision should be made by him in order that he might be raised, provided for and educated until arriving at full age. One of the conditions of the devise of the whole estate was that Butler was to

have $3,000, and leaving out the other conditions, which only require the children to account for advancements, sheds no light on the construction to be given the devise to Butler. The will reads: "It is my will and I hereby bequeath to my children, George, John, Jane, Robert, Joel, Jeremiah, Elizabeth, James, King and Butler Garvey all the rest of my estate, both real and personal, subject to the following conditions. It is my will and I hereby bequeath to my infant son, Butler, the sum of $3,000, which sum is to be placed at interest," etc. He had already given the estate to his children, and then as one of the conditions provided that his infant son should have $3,000 of that estate, not in addition to a full share already given, but as his entire interest in it. This then would give the infant child more than to the other children, who have to account for advancements, and was evidently intended as Butler's full share. The testator wanted Butler secure in his share and fixed the sum at $3,000 that he was to have, whether the others received that much or not.

If such was not his purpose, why did he fail to place Butler's interest in the remainder in the hands of George Garvey as his trustee, and why did he fail to provide that if the infant died before he was twenty-one his interest in the remainder should pass to the other devisees? It was for the reason that no such devise was made. It was a devise of an estate of $15,000 or $18,000 in value between his ten children, and one being of tender .years his interest was fixed by the devisor at $3,000. Such is our opinion of the testator, and is therefore the proper construction to ·be given to this will. We have not been controlled by the parol testimony. This was clearly incompetent; the will expressing the intention and no such ambiguity appearing as required a resort to parol testimony. The judgment below is *reversed* and remanded for proceedings consistent with this opinion.

*O. B. Hallam, for appellant.*

*Joseph Blackwell, for appellees.*